UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION,  **MEMORANDUM & ORDER**
PENSION and WELFARE FUNDS,
 15-CV-2892 (DRH)(ARL)
       Petitioners,

 -against-

BRONX BASE BUILDERS, LTD.

       Respondent.
----------------------------------------------------------------X

**APPEARANCES:**

**For Petitioners:**
Virginia & Ambinder LLP
40 Broad Street, 7th Floor
New York, NY 10004

**HURLEY, Senior District Judge:**

 Petitioners, Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds (the "Funds" or "Petitioners") commenced this proceeding to confirm and enforce an Arbitrator's Award rendered against respondent Bronx Base Builders, Ltd. ("Respondent") pursuant to a collective bargaining agreement (the "CBA"). For the reasons that follow, the petition is granted.

## BACKGROUND

 The follows facts are taken from the Petition and exhibits thereto and presumed true as no response to the petition was filed.

 Respondent is a member of the Building Contractors Association, Inc. (the "Association") and as a member agreed to be bound by the CBA between the Association and the Northeast

Council of Carpenters ("Union"). (Pet. Ex. A.) The CBA requires respondent, inter alia, to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union and to be bound by and comply with "the agreements, declarations of trust, plans and/or regulations of the fringe benefit funds, and the labor management cooperation committees, so designated." (Pet. Ex. B, Art. 16.)

The Funds' trustees established a Joint Policy for Collection of Delinquent Contributions (the "Collection Policy") which requires an employer to submit to a payroll audit upon request by the Funds. Under the Collection Policy, in the event an employer refuses to permit a payroll audit upon request, "the Fund Office shall determine the estimated amount of the employer's delinquent contributions and the employer will be responsible for all delinquent contributions in the estimated amount . . . and all interest, attorneys' fees, costs, auditor's fees and liquidated damages." (Pet. Ex. C.) Interest on delinquent contributions is calculated at the rate of 0.75% per month and liquidated damages are 20% of the delinquent contributions calculated from the Due Date "and shall become due and owing if suit is commenced." (*Id.*) The Collection Policy provides that in the event an employer fails to remit contributions, the matter shall be sent to arbitration before the Funds' designated arbitrator. (*Id.*)

Pursuant to the Collection Policy the Funds determined that Respondent owed the estimated amount of $823,226.51 in delinquent contributions and when Respondent failed to remit that amount, initiated arbitration before the designated arbitrator, J.J. Pierson. Notice of the Intent to arbitrate was duly sent.

After hearing, the arbitrator rendered a written award dated February 22, 2015 finding Respondent violated the terms of the CBA and ordering Respondent to pay the Funds the sum of

$824,876.51, consisting of an estimated deficiency of $823,226.51, attorneys' fees of $900.00 and the arbitrator's fee of $750.00. (Pet. Ex. E.) The arbitrator further found that the Funds are authorized to examine the books and records of Respondent, including payroll and financial records for the period July 1, 2011 to the present. A copy of the Award was delivered to Respondent but Respondent has failed to abide by the Award. The Award has not been vacated or modified and no application for such relief is currently pending. (Pet. ¶¶ 22-23.)

## DISCUSSION

### I. Relevant Standard-Unanswered Petitions to Confirm an Award

The Second Circuit has held that "default judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); *see also Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite Here! v. Jung Sun Laundry Group Corp.*, 2009 WL 704723, at *3 (E.D.N.Y. Mar. 16, 2009) ("default judgments are generally inappropriate in proceedings to confirm an arbitration award"). Instead, since a petition to confirm an arbitration award typically is accompanied by a record, district courts should treat an unanswered petition to confirm an arbitration award "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110; *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. and Indus. Fund v. Alliance Workroom Corp.,* 2013 WL 6498165, at *4 (S.D.N.Y. Dec. 11, 2013).

### II. The Award is Confirmed

#### A. Liability

Confirmation of an arbitration award is "a summary proceeding that merely makes what

is already a final arbitration award a judgment of the court ... and the court must grant the award unless the award is vacated, modified or corrected." *D.H. Blair,* 462 F.3d at 110 (citing 9 U.S.C. § 9) (internal quotation marks omitted). "[C]ourts must grant an arbitrator's decision great deference." *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor–Mgmt. Cooperation, Pension & Welfare Funds v. HVH Enter. Corp.*, 2014 WL 923350, at *3 (E.D.N.Y. Mar. 10, 2014) (citation omitted) (brackets omitted); *see also Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d. Cir.2013) (finding "the [Federal Arbitration Act ('FAA') ] requires district courts to accord significant deference to arbitrators' decisions"). The arbitrator's reasoning for an award does not require an explanation, "and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110 (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir.1991). Indeed, "[o]nly a barely colorable justification for the outcome reached by the arbitrator is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 111(internal quotation marks omitted).

Petitioners have established that there remains no genuine issue of material fact for trial. The documentation before this Court establishes that Respondent was bound by the CBA and Collection Policy during the relevant time period, that the Funds complied with the collection policy, and that the dispute was submitted to arbitration with due notice to the Respondent. Based upon sworn testimony and examination of the evidence, the Arbitrator reasonably determined Respondent failed to remit contributions to the Funds. That the Court does not have all the documentation on which the Arbitrator relied does not preclude confirmation of the award as his "decision can be inferred from the facts of the case." *D.H. Blair*, 462 F .3d at 110 (citation

4

omitted). Moreover, the arbitration award has not been "vacated, modified or corrected" and there appears to be no basis to do so. Finally, the Collection Policy provides that "[i]f an arbitration award has not been satisfied within 10 days of the date it is sent to the employer, Delinquency Counsel shall seek to confirm the award in a court of appropriate jurisdiction;" notice of the award was sent to the Respondent but the award was not satisfied.

B. **Damages**

In his award, the arbitrator ordered Respondent to pay the Funds the sum of $824,876.51, consisting of an estimated deficiency of $823,226.51, attorneys' fees of $900.00 and the arbitrator's fee of $750.00. As the Arbitrator granted these sums in accordance with the CBA and Collection Policy, he has provided far more than a "barely colorable justification." *Marine Pollution Serv., Inc. v. Local 282*, 857 F.2d 91, 94 (2d Cir. 2013).

C. **Interest**

Under ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1332(g)(2). Moreover, when interest is accruing during the pendency of the action and it is explicitly requested in the complaint, such interest will be awarded. *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y.2005). Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month, and such an amount was explicitly sought in the petition. Accordingly, Respondent will be ordered to pay interest of 0.75% per month, from the date of the arbitration award (February 22, 2015) to the date of judgment.

### D. Attorney's Fees and Costs

Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), "the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ." To determine a reasonable attorney's fee, a court must calculate a "lodestar figure" which is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate, yielding a presumptively reasonable fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir.2008); *see also Stanczyk v. City of N.Y.*, 752 F.3d 273, 284 (2d Cir.2014). This "presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir.2009) (quoting Arbor Hill, 493 F.3d at 117). The Second Circuit has explained that the lodestar rates should be comparable to those attorneys who perform similar work. The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits," *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir.1983).

"[R]easonable fees in this district vary from . . . $100 to $295 per hour for associates . . . ." *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt Coop. Pens. & Welfare Funds v. FMC Constr.*, 2014 WL 1236195 at *11 (E.D.N.Y. Mar. 25, 2014) (citations omitted); *accord Gesualdi v. Greenwood 2 Inc.*, 2014 U.S. Dist. LEXIS 45795 at *19 (E.D.N.Y. Mar. 12, 2014) (approving rates of "$225 per hour for junior associates). The

party seeking the attorney's fees must provide "sufficient evidence to support the hours worked and the rates claimed[.]" *Id*. (citation omitted).

Plaintiffs have submitted contemporaneous time records reflecting the task completed, date, hours worked, and an itemization of costs. The total billings amount to $405.00 reflecting 1.8 hours of work by two associates at the rate of $225.00 per hour and the costs sought consist of the $400.00 court filing fee and $67.50 in service fees. The attorneys' fees and costs are reasonable. *See generally Martone v. HST Roofing, Inc.*, 2007 WL 595054 at *3 (E.D.N.Y. Feb. 22, 2007) (holding up to 20 hours of work on an ERISA default judgment to be reasonable); *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir.1973) ( "costs" generally include such expenses as filing fees).

## CONCLUSION

For the reasons set forth above the petition to confirm the arbitration award dated February 22, 2015 is granted. The Clerk of Court shall enter judgment in favor of Petitioners and against Respondent confirming the February 22, 2015 arbitration award of J.J. Pierson and awarding Petitioners the full amount of the arbitration award ($824,876.51) plus attorneys' fees and costs in the amount of $872.50, and prejudgment interest on the $823,226.51 in unpaid contributions at the rate of 0.75% per month, from the date of the arbitration award (February22, 2015) to the date of judgment.

**SO ORDERED.**

Dated: Central Islip, New York
      March 15, 2016

                                          s/ Denis R. Hurley
                                          Denis R. Hurley
                                          United States District Judge